**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LINDSAY RING,<br><br>      Plaintiff,<br><br>  -against-<br><br>ROBERT J. O'DONNELL Individually; and<br>BOD, a Minor, by and through<br>his Guardian, ALYSSA BOTTONE O'DONNELL,<br>and FIDELITY BROKERAGE SERVICES LLC,<br><br>     Defendants | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Civil Action No._____ |

Plaintiff Lindsay Ring ("Ring"), plaintiff, by and through her attorneys, LAW OFFICES OF DAVID M. DORÉ, P.C., as and for her Complaint against defendants, Robert J. O'Donnell, individually, BOD a minor by and through his guardian Alyssa Bottone O'Donnell and Fidelity Brokerage Services LLC, alleges as follows:

## THE PARTIES

1.  Plaintiff Lindsay Ring is an individual domiciled in the State of New York, residing at 23 Bohdan Lepky Rd. Glen Spey, NY 12737, and is a citizen of the United States and a resident of the City of Glen Spey and State of New York. This court has personal jurisdiction over the plaintiff because she is a citizen of New York and the actions challenged in this lawsuit occurred in this District. Plaintiff has been a resident of the State of New York since 2011. She is the sole named beneficiary of the individual brokerage account ending in 9268 and other Fidelity individual brokerage accounts held by Andrew O'Donnell.

1

2. Defendant Robert J. O'Donnell is an individual domiciled in the State of Rhode Island, residing at 15 Maher Court, Newport, Rhode Island 02840 has asserted a dispute with Fidelity challenging Ms. Ring's right to the Account funds. This court has diversity personal jurisdiction over the defendant because he is a citizen of Rhode Island and the actions challenged in this lawsuit occurred in this District.

4. Defendant BOD, a minor, by and through his Guardian, Alyssa Bottone O'Donnell, is Andrew O'Donnell's minor son. His guardian is domiciled in the State of Rhode Island, residing at 60 Sloop Drive, Portsmouth, RI, 02871. The minor son is named as a defendant through his guardian because he may be asserted as a potential claimant to the Account funds and his interests, if any, will be fully and finally resolved by this action. This court has diversity personal jurisdiction over the defendant because he is a citizen of Rhode Island and the actions challenged in this lawsuit occurred in this District.

5. Defendant Fidelity Brokerage Services LLC is a limited liability company organized under the laws of the State of Massachusetts, with its principal place of business at 200 Seaport Blvd, Boston, Massachusetts 02210. Fidelity is registered to do business and actively conducts business in the State of Massachusetts. Fidelity is named as a defendant because it currently holds the Account funds and has withheld distribution to Ms. Ring. Fidelity is directed to release the Account funds in accordance with the Court's declaration and order. This court has diversity personal jurisdiction over the defendant because it is a citizen of the state of Massachusetts and the actions challenged in this lawsuit occurred in this District.

2

**JURISDICTION and VENUE**

6.      The Southern District of New York is the proper venue for this action because the cause of action arose in New York County. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1) because the amount in controversy exceeds $75,000 exclusive of interest and costs and the dispute is between citizens of different states. The individual brokerage account ending in 9268 and Andrew O'Donnell's associated Fidelity accounts hold approximately $266,000, which Fidelity is currently withholding from Plaintiff.

7.    Complete diversity of citizenship exists between Plaintiff and all Defendants: Plaintiff Lindsay Ring is domiciled in New York; Defendants, BOD and the minor son's Guardian are domiciled in Rhode Island; Robert J. O'Donnell is domiciled in Rhode Island; and Defendant Fidelity Brokerage Services LLC is organized and has its principal place of business in Massachusetts and Delaware. No Defendant shares Plaintiff's New York domicile.

8.    This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202 and FRCP 57. An actual and justiciable controversy exists between Plaintiff and Defendants regarding the validity of the November 6, 2025 beneficiary designation and Plaintiff's entitlement to the Account funds.

9.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**TRIAL BY JURY**

10.    Plaintiff demands a trial by jury of all the claims asserted in this complaint.

## NATURE OF THE ACTION

11. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 2202, and FRCP 57, seeking a declaration that Plaintiff Lindsay Ring is the lawful, sole, and exclusive beneficiary of the individual brokerage account ending in 9268 held by the late Andrew O'Donnell, collectively holding approximately $266,000, and that she is entitled to the immediate release of all funds held in those accounts.

12.  On November 6, 2025, Andrew O'Donnell, while alive, competent, and acting entirely of his own free will, designated Lindsay Ring as the sole beneficiary of the individual brokerage account ending in 9268 and all of his other Fidelity individual brokerage accounts. He did so independently, using his own authenticated device, his own login credentials, and his own identity verification. Lindsay Ring did not access, log into, or interact with Andrew O'Donnell's Fidelity accounts at any time. She had no involvement in and no knowledge of the mechanics of the designation. Andrew O'Donnell's decision to name her as his beneficiary was his own, made freely, deliberately, and without coercion.

13. Andrew O'Donnell maintained that beneficiary designation, without change, modification, or revocation, from November 6, 2025 until his death in Connecticut on May 1, 2026 - a period of approximately five months. During the final three months of that period, Lindsay Ring had no physical contact with Andrew O'Donnell. He made no change to the designation during that time. He died with Lindsay Ring named as his sole beneficiary because that was his considered, sustained, and uncoerced

4

wish.

14.    Andrew O'Donnell is survived by a minor son. His minor son was never designated as a beneficiary on the individual brokerage account ending in 9268. As the holder of individual brokerage accounts — non-probate assets that pass outside of his estate entirely — Andrew O'Donnell had the absolute legal right to name any beneficiary of his choosing. His minor son has no independent legal right or statutory claim to the Account funds.

15.    Andrew O'Donnell's family has lodged an unsubstantiated dispute with Fidelity Brokerage Services LLC, alleging that the November 6, 2025 beneficiary designation was not valid. Fidelity has withheld distribution of the Account funds pending investigation of that dispute.

16.    Plaintiff brings this action proactively and affirmatively to obtain a binding federal declaratory judgment establishing her rights and access to this account. Plaintiff seeks a declaration that the November 6, 2025 beneficiary designation is valid and enforceable; that it was not forged; that Andrew O'Donnell possessed full legal capacity when he made it; that it was not the product of undue influence or coercion; and that Lindsay Ring is the sole and lawful beneficiary entitled to the Account funds. Plaintiff further seeks an order compelling Fidelity to release the Account funds to her and a permanent injunction barring Defendants from asserting any future claim to the Account funds or bringing any action against Lindsay Ring arising from the beneficiary designation.

## STATEMENT OF FACTS

### A. Andrew O'Donnell and His Fidelity Accounts

5

17. During his lifetime, Andrew O'Donnell resided in Connecticut and held one or more individual brokerage accounts with Fidelity Brokerage Services LLC, including the individual brokerage account ending in 9268 (collectively, the "Accounts").

18. The Accounts are individual brokerage accounts. They are not retirement accounts, pension accounts, ERISA-governed accounts, or joint accounts. They are non-probate assets that, upon the account holder's death, pass directly and exclusively to the named beneficiary outside of Andrew O'Donnell's estate and outside of New York's probate process. Such assets are free from the claims of Andrew O'Donnell's heirs, family members, estate creditors, and distributees.

19. Andrew O'Donnell was the sole account holder on the individual brokerage account ending in 9268 and all other Fidelity Accounts at all relevant times. No other person was ever designated as a joint account holder, authorized user, or agent on the Accounts.

**The November 2025 Account Funding**

20. On or about November 4 and 5, 2025, Andrew O'Donnell deposited funds into the individual brokerage account ending in 9268 and his associated Fidelity Accounts. These deposits were made by Andrew O'Donnell himself, reflecting his active, deliberate, and independent management of his own financial affairs. The Accounts held approximately $266,000 following these deposits.

21. Andrew O'Donnell's decision to fund the individual brokerage account ending in 9268 in

6

November 2025 was his own, made without the involvement, direction of Lindsay Ring.

**The November 6, 2025 Beneficiary Designation**

22.    On November 6, 2025, one day after completing the funding of his Accounts, Andrew O'Donnell designated Lindsay Ring as the sole beneficiary on the individual brokerage account ending in 9268 and all of his other Fidelity Accounts. This decision was the natural and deliberate continuation of Andrew O'Donnell's active financial planning — funding his accounts and then designating the person he wished to benefit.

23.    Andrew O'Donnell made the November 6, 2025 designation himself. He used his own authenticated login credentials, his own device, and his own identity verification to access the individual brokerage account ending in 9268 and completing the designation. All electronic access records, login logs, IP address records, device identifiers, session metadata, and authentication records associated with the November 6, 2025 designation reflect Andrew O'Donnell's own account access — not Lindsay Ring's.

24.    Lindsay Ring has never logged into, accessed, or attempted to access the individual brokerage account ending in 9268 or any other Fidelity account held by Andrew O'Donnell at any time. Her credentials, devices, and IP addresses are entirely absent from the Accounts' access history. She did not make, assist in making, or have any involvement in the November 6, 2025 designation.

25.    Prior to November 6, 2025, no beneficiary had ever been designated on the individual

brokerage account ending in 9268. Lindsay Ring was, from November 6, 2025 until Andrew O'Donnell's death, the sole and only beneficiary ever named on the Fidelity Account at any time.

26.   Following the designation, Fidelity issued beneficiary confirmation notices to Andrew O'Donnell confirming Lindsay Ring as the named beneficiary on the individual brokerage account ending in 9268 and his other Fidelity Accounts.

27.   On the evening of November 6, 2025, Andrew O'Donnell and Lindsay Ring spent time together, as was consistent with their committed romantic relationship. Andrew O'Donnell's decision to designate Lindsay as his beneficiary — made independently during the day on November 6, 2025 using his own authenticated access to the individual brokerage account ending in 9268 — was his own deliberate act. The fact that he spent time with Lindsay that evening is entirely consistent with and reflective of a loving relationship in which he had chosen to provide for her financially. It does not in any manner suggest, imply, or constitute coercion, forgery, or undue influence.

**Andrew O'Donnell's Continued, Uncoerced Maintenance of the Designation**

28.   From November 6, 2025 until his death in Connecticut on May 1, 2026 — a period of approximately five months — Andrew O'Donnell retained full, unrestricted, and exclusive access to the individual brokerage account ending in 9268 and all associated Fidelity Accounts and the ability to change, amend, revoke, or replace the beneficiary designation at any time, without notice to or consent from Lindsay Ring or any other person.

29. Andrew O'Donnell did not change, amend, revoke, or replace the beneficiary designation on the individual brokerage account ending in 9268 or any other Fidelity Account at any point during this five-month period. His sustained and uninterrupted maintenance of the designation through the entirety of the period from November 2025 through his death is compelling and affirmative evidence of his free, voluntary, deliberate, and uncoerced intent to name Lindsay Ring as his sole beneficiary.

30. Lindsay Ring last had physical contact with Andrew O'Donnell on January 27, 2026 - more than three months before his death on May 1, 2026, and approximately six months after the November 6, 2025 beneficiary designation.

31. From February 2026 until Andrew O'Donnell's death on May 1, 2026, Lindsay Ring had no physical contact of any kind with Andrew O'Donnell. Ring had no access to the individual brokerage account ending in 9268, no involvement in his financial affairs, no ability to influence his decisions, and no physical contact with him by any means.

32. During those final three months — when Lindsay Ring did not have any with Andrew O'Donnell and neither maintained or held any access to the individual brokerage account ending in 9268 — Andrew O'Donnell made no change to the beneficiary designation. This is the definitive evidence that the designation was not the product of coercion: a person acting under coercion revokes a designation the moment the coercive influence is removed. Andrew O'Donnell did not.

**Andrew O'Donnell's Mental Capacity**

33.  On November 6, 2025, Andrew O'Donnell possessed full legal capacity to designate a beneficiary on the individual brokerage account ending in 9268 and his associated Fidelity Accounts. He understood the nature of the act he was performing, the general extent of his assets, the identity of the persons he was choosing to benefit, and the legal effect of his designation.

34.  Andrew O'Donnell's active and competent financial management of funding the individual brokerage account ending in 9268 with substantial sums and immediately thereafter designating a beneficiary — reflects a coherent, deliberate, and sequentially logical series of financial decisions made by a person fully in command of his affairs.

35.  Andrew O'Donnell was never adjudicated legally incompetent. No guardianship, conservatorship, or protective order was ever sought or granted with respect to Andrew O'Donnell's person or financial affairs at any time during his lifetime.

36.  Andrew O'Donnell managed his own financial accounts, funded the individual brokerage account ending in 9268 himself, and maintained the beneficiary designation independently for six months without any intervention, assistance, or oversight from any third party.

37.  Andrew O'Donnell had a history of alcohol use. That history does not establish legal incapacity. Under New York law, legal incapacity must be proven as of the specific moment of the act in question — November 6, 2025.  Episodic or chronic alcohol use, without more, does not constitute legal incapacity at any given moment.  A party's competence to enter into a transaction is presumed, and the party asserting incapacity bears the burden of proving that the person's "mind

10

was so affected as to render him wholly and absolutely incompetent to comprehend and understand the nature of the transaction" at the time the transaction occurred. The burden of proving incapacity on November 6, 2025 rests with the party asserting it, and the facts — Andrew O'Donnell's active financial management on that specific date — defeat any such claim.

38.    No medical adjudication, court order, or legal proceeding ever found Andrew O'Donnell to be incapacitated, incompetent, or in need of a guardian at any time during his lifetime.

**The Absence of Undue Influence or Coercion**

39.    Lindsay Ring did not exert undue influence or coercion over Andrew O'Donnell in connection with the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 or at any other time.

40.    Under New York law, a claim of undue influence requires proof that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the grantor to do that which was against his or her free will and desire, but which he or she was unable to refuse or too weak to resist. The elements of undue influence are motive, opportunity, and the actual exercise of that undue influence. Defendants cannot satisfy any of these elements.

41.    While Andrew O'Donnell had a history of alcohol use, susceptibility alone does not

establish undue influence. It must be paired with actual influence that overrode Andrew O'Donnell's free will. No such influence existed.

42.   While Lindsay Ring was present with Andrew O'Donnell on the evening of November 6, 2025, the beneficiary designation on the individual brokerage account ending in 9268 was made by Andrew O'Donnell independently using his own authenticated account access. Lindsay Ring did not have access to the individual brokerage account ending in 9268, did not know Andrew O'Donnell's login credentials, and did not assist him in making the designation. Mere physical proximity to a person does not constitute opportunity to exert undue influence over their independent financial decisions made through a secure authenticated account platform.

43.   With respect to disposition: Lindsay Ring had no disposition to exert improper influence over Andrew O'Donnell. Their relationship was that of a committed romantic couple. She held no position of financial authority, legal authority, or caregiving authority over Andrew O'Donnell. She was not his power of attorney, his financial advisor, his healthcare proxy, or his caregiver. She was his girlfriend.

44.   With respect to result: the designation of a committed romantic partner as beneficiary of an individual brokerage account is entirely natural, common, and legally unremarkable. It does not represent an unnatural disposition. There is no prior beneficiary who was displaced. Andrew O'Donnell's minor son's exclusion from the individual brokerage account ending in 9268 does not render the result unnatural — Andrew O'Donnell had the absolute legal right to direct his non-probate assets to whomever he chose, and he may have made separate financial provisions for his

12

son through other means.

45. The six months during which Andrew O'Donnell maintained the designation on the individual brokerage account ending in 9268 — including three months with no physical contact with Lindsay Ring — conclusively establishes that the designation was and remained Andrew O'Donnell's own free and voluntary act.

**G. Andrew O'Donnell's Minor Son**

46. Andrew O'Donnell is survived by a minor son, BOD, Andrew O'Donnell's minor son was never designated as a beneficiary on the individual brokerage account ending in 9268 or any other Fidelity Account held by Andrew O'Donnell at any time, from the opening of the Accounts through the date of Andrew O'Donnell's death on May 1, 2026.

47. Andrew O'Donnell had the absolute and unrestricted legal right, as the sole holder of individual brokerage accounts, to designate any person of his choosing as beneficiary, without legal obligation to name his minor child.

48. Under New York law, the individual brokerage account ending in 9268 and Andrew O'Donnell's associated Fidelity Accounts are non-probate assets if they contain valid beneficiary designations executed in compliance with EPTL § 13-3.2 and TODSRA. A valid designation requires a written, signed document agreed to by Fidelity or made in accordance with its procedures. If such a designation exists, the accounts transfer directly to the named beneficiaries by operation of contract and do not pass through Andrew O'Donnell's probate estate. Andrew

O'Donnell's minor son has no independent legal right, statutory entitlement, or contractual claim to the Account funds by virtue of his status as Andrew O'Donnell's biological child.

49.    Andrew O'Donnell's deliberate decision to name Lindsay Ring as his sole beneficiary on the individual brokerage account ending in 9268 rather than his minor son was a lawful, considered, and entirely permissible exercise of his legal rights as the account holder. It was consistent with Andrew O'Donnell's broader financial planning and does not in any way suggest that he lacked capacity, was coerced, or was acting contrary to his own intent.

**Fidelity's Withholding of Funds**

50.    Following Andrew O'Donnell's death on May 1, 2026, Fidelity received notice of his death. On May 11, 2026, Lindsay Ring submitted a valid beneficiary claim supported by the required documentation regarding the individual brokerage account ending in 9268 and all associated Fidelity Accounts.

51.    Robert J. O'Donnell and members of Andrew O'Donnell's family subsequently lodged a dispute with Fidelity challenging the validity of the November 6, 2025 beneficiary designation and asserting that Ms. Ring is not entitled to the Account funds.

52.    Fidelity has withheld distribution of the Account funds, currently totaling approximately $266,000, from the individual brokerage account ending in 9268 and associated Accounts pending its investigation of the family's dispute.

14

53. Robert J. O'Donnell and the family of Andrew O'Donnell have commenced formal legal proceedings in Probate Court of the State of Connecticut. As set forth above the subject of this proceeding concerns non-probate assets, specifically the account ending in 9268. Plaintiff brings this action to establish her rights in this Court over such non-probate assets.

54. Fidelity has no independent legal basis to withhold the Account funds from Lindsay Ring indefinitely based solely upon unsubstantiated third-party allegations. The November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 is valid and enforceable, and Ms. Ring is the lawful beneficiary entitled to those funds.

## FIRST CLAIM FOR RELIEF

**Declaratory Judgment: Validity and Enforceability of the November 6, 2025 Beneficiary Designation (28 U.S.C. § 2201; FRCP 57)**

55. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-54

56. An actual, substantial, and justiciable controversy exists between Plaintiff and all Defendants regarding the validity of the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 and Ms. Ring's entitlement to the Account funds.

57. The November 6, 2025 beneficiary designation was made by Andrew O'Donnell freely, voluntarily, and with full legal capacity. It was not the product of forgery, fraud, undue influence, coercion, or incapacity.

58.    The individual brokerage account ending in 9268 and Andrew O'Donnell's associated Fidelity Accounts are non-probate assets passing directly and exclusively to the named beneficiary upon Andrew O'Donnell's death on May 1, 2026, outside of his estate and free from the claims of his heirs, family members, or estate.

59.    Lindsay Ring is the lawful, sole, and exclusive beneficiary of the individual brokerage account ending in 9268 and all of Andrew O'Donnell's Fidelity Accounts and is entitled to receive the full balance of those accounts, currently approximately $266,000, together with any interest accrued thereon.

60.    Plaintiff is entitled to a declaration that: (a) the November 6, 2025 beneficiary designation of Lindsay Ring on the individual brokerage account ending in 9268 and all Fidelity accounts held by Andrew O'Donnell is valid, enforceable, and controlling; (b) Lindsay Ring is the sole and lawful beneficiary of the individual brokerage account ending in 9268 and all of Andrew O'Donnell's Fidelity accounts; (c) the individual brokerage account ending in 9268 and associated Accounts are non-probate assets that pass directly to Lindsay Ring outside of Andrew O'Donnell's estate; (d) no Defendant has any valid legal basis to contest, challenge, or defeat Ms. Ring's beneficiary claim; and (e) Fidelity Brokerage Services LLC is directed to release all Account funds to Lindsay Ring forthwith upon entry of this Court's judgment.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment: No Forgery (28 U.S.C. § 2201; FRCP 57)

61. Plaintiff realleges and incorporates paragraphs 1 through 60 as if fully set forth herein.

62. Defendants falsely allege that the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 was forged or executed by someone other than Andrew O'Donnell.

63. The November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 was made by Andrew O'Donnell himself, using his own authenticated login credentials, his own device, and his own identity verification, through Fidelity's secure account platform.

64. Lindsay Ring has never accessed, logged into, attempted to access, or interacted with the individual brokerage account ending in 9268 or any other Fidelity account held by Andrew O'Donnell at any time. Her credentials, devices, and IP addresses are entirely absent from the Accounts' electronic access history. Fidelity's own electronic records — including login logs, IP address records, device identifiers, session metadata, multi-factor authentication records, and electronic signature metadata confirm that the November 6, 2025 designation on the individual brokerage account ending in 9268 was made by Andrew O'Donnell and that Lindsay Ring had no access to or involvement with the Accounts at any time.

17

65. Plaintiff is entitled to a declaration that the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 was not forged, was not made by any person other than Andrew O'Donnell, and is valid and enforceable on its face.

**THIRD CLAIM FOR RELIEF**
**Declaratory Judgment: : Mental Capacity (28 U.S.C. § 2201; FRCP 57)**

66. Plaintiff realleges and incorporates paragraphs 1 through 65 as if fully set forth herein.

67. Defendants have alleged that Andrew O'Donnell lacked the mental capacity to execute a valid beneficiary designation on the individual brokerage account ending in 9268 on November 6, 2025.

68. On November 6, 2025, Andrew O'Donnell possessed full legal capacity to designate a beneficiary on the individual brokerage account ending in 9268 and his associated Fidelity Accounts. Under New York law, the capacity required to designate a beneficiary on a financial account is analogous to testamentary capacity. New York requires that the designator (1) understood the nature and consequences of designating a beneficiary, (2) knew the nature and extent of the property subject to the designation, and (3) knew those who would be considered the natural objects of his bounty and his relations with them. Less capacity is required to designate a beneficiary than to make other contracts, and capacity need only be shown at the time the designation was made. Andrew O'Donnell satisfied all of these requirements.

69. Andrew O'Donnell's active and competent management of his financial affairs —

18

independently funding the individual brokerage account ending in 9268 with substantial sums and then designating a beneficiary — constitutes direct, contemporaneous evidence of his legal capacity on those specific dates.

70. Andrew O'Donnell was never adjudicated incompetent. No guardianship or conservatorship was ever sought or granted with respect to his person or financial affairs.

71. Andrew O'Donnell's history of alcohol use does not establish legal incapacity. The burden of proving incapacity rests with the party asserting it, and that burden requires proof of incapacity at the specific moment of the act — November 6, 2025 — not general evidence of substance use history.

72. Plaintiff is entitled to a declaration that Andrew O'Donnell possessed full legal capacity at the time of the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 and that the designation is valid and enforceable.

## FOURTH CLAIM FOR RELIEF

**Declaratory Judgment: No Undue Influence or Coercion (28 U.S.C. § 2201; FRCP 57)**

73. Plaintiff realleges and incorporates paragraphs 1 through 72 as if fully set forth herein.

74. Defendants have alleged that Lindsay Ring exerted undue influence or coercion over

19

Andrew O'Donnell in connection with the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268.

75. Under New York law, undue influence requires proof that the influence exercised amounted to a moral coercion that restrained independent action and destroyed free agency, or which, by importunity that could not be resisted, constrained the testator to do that which was against his or her free will and desire, but which he or she was unable to refuse or too weak to resist. To establish undue influence, the elements are motive, opportunity, and the actual exercise of that undue influence. Defendants cannot establish any of these elements.

76. Lindsay Ring had no involvement in, access to, or knowledge of the mechanics of the November 6, 2025 designation on the individual brokerage account ending in 9268. She cannot have exercised undue influence over an independent financial decision made through Andrew O'Donnell's own authenticated account access.

77. Andrew O'Donnell maintained the designation on the individual brokerage account ending in 9268 for six uninterrupted months — including three full months after his last contact with Lindsay Ring in February 2026 — during which he had full and unrestricted ability to change or revoke it at any time. His sustained maintenance of the designation through the entirety of this period, and particularly through the three months where there was no physical contact with Ms. Ring before his death on May 1, 2026, is the most compelling evidence that the designation was and remained his own free and uncoerced act.

78.    The designation of a committed romantic partner as the beneficiary of the individual brokerage account ending in 9268 is a natural, ordinary, and entirely lawful disposition that does not raise an inference of undue influence.

79.    Plaintiff is entitled to a declaration that the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 was not the product of undue influence, coercion, or any improper conduct by Lindsay Ring or any other person, and is valid and enforceable.

**FIFTH CLAIM FOR RELIEF**
**Declaratory Judgment: No Legal Claim by Andrew O'Donnell's Minor Son or**
**Estate to Account Funds (28 U.S.C. § 2201; FRCP 57)**

80.    Plaintiff realleges and incorporates paragraphs 1 through 79 as if fully set forth herein.

81.    Andrew O'Donnell never designated his minor son as a beneficiary on the brokerage account ending in 9268 or any other Fidelity account. Andrew O'Donnell's estate has no claim to the Account funds. The individual brokerage account ending in 9268 and associated Accounts are non-probate assets that passed entirely outside of Andrew O'Donnell's estate upon his death on May 1, 2026.

82.    New York's Intestate Succession Statutes do not apply to non-probate Assets, and no New York Statute, Common Law Rule, or Equitable Principle Gives Andrew O'Donnell's minor

son, Andrew O'Donnell's estate, or any member of Andrew O'Donnell's Family an independent legal right to the funds held in the individual brokerage account ending in 9268 or associated accounts. New York's intestate succession statutes do not apply to non-probate assets. Under New York law, a transfer on death resulting from a registration in beneficiary form is effective by reason of the contract between the owner and the registering entity and is not testamentary. New York's intestate succession statutes do not apply to non-probate assets. Under New York law, a transfer on death resulting from a registration in beneficiary form is effective by reason of the contract between the owner and the registering entity and is not testamentary.

83.    Andrew O'Donnell exercised his lawful right to designate the beneficiary of the individual brokerage account ending in 9268 and his other Fidelity Accounts. That right is not limited or qualified by any obligation to provide for a minor child through non-probate assets.

84.    Plaintiff is entitled to a declaration that neither Andrew O'Donnell's minor son, Andrew O'Donnell's estate, nor any member of Andrew O'Donnell's family has any legal right, claim, or interest in the funds held in the individual brokerage account ending in 9268 or associated Accounts, and that those funds belong exclusively to Lindsay Ring as the sole named beneficiary.

## SIXTH CLAIM FOR RELIEF

**Declaratory Judgment: Injunctive Relief: Order Compelling Release of Funds\n(28 U.S.C. § 2202; FRCP 65)**

85.   Plaintiff realleges and incorporates paragraphs 1 through 84 as if fully set forth herein.

86.   Fidelity currently holds approximately $266,000 in funds from the individual brokerage account ending in 9268 and associated Fidelity Accounts to which  Ring is legally entitled as the named beneficiary of record.

87.   Fidelity has no independent legal basis to withhold those funds from  Ring based solely upon unsubstantiated third-party allegations that have not been validated by any court.

88.   Ring is suffering ongoing and continuing harm as a result of Fidelity's withholding of approximately $266,000 from the individual brokerage account ending in 9268, including loss of use of and access to funds to which she is legally entitled, together with loss of investment income, interest, and other financial damages accruing daily from the date of Andrew O'Donnell's death on May 1, 2026.

89.    Ring has a clear legal right to the Account funds, a substantial likelihood of success on the merits of her declaratory judgment claims and will suffer ongoing and irreparable harm if relief is not granted. Plaintiff is entitled to an order directing Fidelity to release all funds held in the individual brokerage account ending in 9268 and all associated Fidelity Accounts, together with any interest accrued thereon from May 1, 2026 through the date of distribution, to Lindsay Ring within ten (10) days of entry of this Court's judgment.

**SEVENTH CLAIM FOR RELIEF**
**Declaratory Judgment: Injunctive Relief: Bar of Future Claims Against Lindsay**

**Ring (28 U.S.C. §2202; FRCP 65)**

91.    Plaintiff realleges and incorporates paragraphs 1 through 90 as if fully set forth herein.

92.    Andrew O'Donnell's family has disputed Ms. Ring's beneficiary claim with Fidelity regarding the individual brokerage account ending in 9268 and has signaled its intention to challenge her entitlement to the Account funds. If not barred, the family will seek to recover the Account funds from her after they are released.

93.    A binding declaratory judgment by this Court on the merits of all claims — establishing the validity of the designation on the individual brokerage account ending in 9268, the absence of forgery, Andrew O'Donnell's full capacity, the absence of undue influence, and the inapplicability of any claim by the minor son or estate — entitles Plaintiff to a permanent injunction barring all Defendants from bringing any future action against Lindsay Ring in any court arising from or relating to the November 6, 2025 beneficiary designation or the Account funds.

94.    The doctrine of res judicata and principles of collateral estoppel will bar Defendants from relitigating facts and claims fully and finally adjudicated by this Court. A permanent injunction expressly confirming this bar will protect Lindsay Ring from further litigation expense, harassment, and uncertainty.

95.    The balance of equities favors the issuance of a permanent injunction. Andrew O'Donnell validly designated Lindsay Ring as beneficiary of the individual brokerage account

ending in 9268. Ring did nothing wrong. Ring should not be subjected to indefinite litigation risk over funds she is legally entitled to receive.

96.    Plaintiff is entitled to a permanent injunction barring all Defendants, their agents, successors, and assigns, from: (a) asserting any claim, in any court or forum, to the funds held in the individual brokerage account ending in 9268 or any associated Fidelity Account; (b) bringing any action against Lindsay Ring arising from or related to the November 6, 2025 beneficiary designation, Andrew O'Donnell's Fidelity accounts, or the Account funds; and (c) initiating or continuing any proceeding, regulatory complaint, or arbitration challenging Ms. Ring's status as the lawful beneficiary of Andrew O'Donnell's Fidelity accounts.

## DEMAND FOR JURY TRIAL

97.    Plaintiff Lindsay Ring hereby demands a trial by jury on all issues so triable of right.

**WHEREFORE**, Plaintiff Lindsay Ring respectfully requests that this Court enter judgment in her favor and against all Defendants, on each of the claims set forth above and grant the following relief as follows:

A declaration that the beneficiary designation executed on November 6, 2025, whereby Andrew O'Donnell designated Lindsay Ring as beneficiary of the individual brokerage account bearing account number ending in 9268 and all other individual brokerage accounts held by Andrew O'Donnell at Fidelity Investments, is valid, legally enforceable, and controlling as to said accounts and for an order;

25

A declaration that Lindsay Ring is the sole and lawful beneficiary of the individual brokerage account ending in 9268 and all of Andrew O'Donnell's Fidelity accounts and is entitled to the full account balance of approximately $266,000, together with all accrued interest from May 1, 2026; A declaration that the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 was not forged and was validly made by Andrew O'Donnell;

A declaration that Andrew O'Donnell possessed full legal capacity at the time of the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268; A declaration that the November 6, 2025 beneficiary designation on the individual brokerage account ending in 9268 was not the product of undue influence, coercion, or any improper conduct by Lindsay Ring or any other person;

A declaration that the individual brokerage account ending in 9268 and Andrew O'Donnell's associated Fidelity Accounts are non-probate assets that passed directly to Lindsay Ring outside of Andrew O'Donnell's estate by operation of New York's Transfer on Death Security Registration Act, EPTL §13, Part 4, and Lindsay Ring holds full legal and beneficial ownership of the accounts as the designated beneficiary.

That Ring's ownership of the securities derives from the beneficiary designation, not from any distributive share under EPTL§ 4. Her rights are therefore not subject to the intestate succession statutes, and any distributees under Andrew O'Donnell's estate have no claim to these

accounts.

A declaration that neither Andrew O'Donnell's minor son, Andrew O'Donnell's estate, nor any member of Andrew O'Donnell's family has any legal right, claim, or interest in the funds held in the individual brokerage account ending in 9268 or associated Accounts;

An order directing Fidelity Brokerage Services LLC to release all funds held in the individual brokerage account ending in 9268 and all associated Fidelity Accounts, together with all interest accrued from May 1, 2026 through the date of distribution, to Lindsay Ring within ten (10) days of entry of judgment;

A permanent injunction barring all Defendants, their agents, heirs, successors, and assigns, from asserting any claim in any court or forum to the funds held in the individual brokerage account ending in 9268 or associated Fidelity Accounts, or from bringing any action against Lindsay Ring arising from or related to the November 6, 2025 beneficiary designation or the Account funds;

An award of prejudgment interest on all withheld Account funds from May 1, 2026;

An award of attorneys' fees and costs to the extent permitted by applicable law;

Such other and further relief as this Court deems just and proper.

CERTIFICATION: I hereby certify that the foregoing allegations are based upon information and belief formed after reasonable inquiry and are well-grounded in fact and warranted by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing

law, in accordance with FRCP 11.


Dated: New York, New York
        June 28, 2026


                                        Respectfully submitted,

                                        **LAW OFFICES OF DAVID M. DORÉ, P.C.**
                                        By:   /s/ David M. Doré

                                        David M. Doré
                                        11 Broadway, Suite 615
                                        New York, New York 10004
                                        Telephone: 212-480-8807
                                        Facsimile:  646-478-7705
                                        ddore@daviddorelaw.com
                                        **Attorneys for Plaintiff Lindsay Ring**